UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG H. SHOPNECK, | ) | Case No. 1:15CV0577 |
|     Chap. 13 Trustee | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER BOYKO |
| vs. | ) | (Magistrate Judge McHargh) |
| | ) | |
| MARK C. JEFFERSON, and | ) | |
|     GWONDRA JEFFERSON, | ) | |
| | ) | REPORT AND |
|     Defendants. | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag. JUDGE

Currently before the court is defendants' "petition to dismiss." (Doc. 22.) The document is labelled "Affidavit of Fact/ Petition to Dismiss." The petition is based in four grounds, to wit:

    1. Lack of Personal Jurisdiction. McRae v. White 269 App. 455, 604 S.E. 2d 291 (2004).

    2. Failure to Produce Public Hazard and Malpractice Bond. Oath of Office in Written Form. Delegation of Authority in Written Form.

    3. Failure to state a claim on which relief can be granted. FRCP 12(b).

    4. In plaintiff's complaint, Paragraph 31 "ASK" that this court treat the defendants as Vexatious Litigants. Then in Paragraph

2

> 33, the plaintiff says he is "NOT ASKING" that the defendants be
> identified as Vexatious Litigants.  The confusion of words is found
> in the illusion that the LAW exists to protect those who break it ....
> We dismiss this case for Lack of Personal Jurisdiction.  And we
> demand the Order of the Court.

(Doc. 22.)  The plaintiff has filed an objection to defendants' petition to dismiss. (Doc. 26.)

The defendants have also filed a document which is entitled "Affidavit of Fact/ Writ of Error."  (Doc. 24.)

## I.  ALLEGATIONS OF THE COMPLAINT

The plaintiff Craig Shopneck ("Shopneck," or, "the Trustee") brings this action in his role as Standing Chapter 13 Trustee against defendants pro se Mark C. Jefferson and Gwondra L. Jefferson ("the Jeffersons").  The complaint seeks the following relief, that:

> . . . this Court issue an order preventing Defendants from bringing
> any complaint, charge, or any kind of accusation against the
> Plaintiff before any governmental body or agency at any level
> without the express written permission of this Court, with the
> Plaintiff being enabled to use said order to terminate, suspend, or
> conclude any investigation initiated against him by the Defendant
> before any government agency at any level without this Court's
> express written authorization.

(Doc. 1, at 12.)

In support of this request for relief, the complaint recites the following allegations:  Since 2007, the defendants had filed six bankruptcies under Chapter 13 of the Bankruptcy Code, and Shopneck was appointed Trustee in all

of those cases. (Doc. 1, compl., at ¶ 4.) Several of those bankruptcies were discharged on the basis that defendants were failing to make regular payments to the Trustee as required by the relevant plan of reorganization. (Compl, at ¶¶ 6, 7, 8, 9.)

The defendants filed their sixth Chapter 13 bankruptcy (case no. 13-15030) on July 17, 2013, and on Feb. 6, 2014, the Trustee filed a motion to dismiss the bankruptcy on the grounds that defendants had failed to maintain regular payments to the Trustee, as required by their plan of reorganization. (Compl., at ¶¶ 10-11.) The complaint alleges that the defendants did not respond to the motion's allegations that they had failed to maintain payments, but rather accused Shopneck of malfeasance: misappropriating their money, visiting their property before their first bankruptcy was even filed, and retaliating against them because of their dealings with certain creditors. *Id.* at ¶¶ 12-13. On Apr. 25, 2014, the Bankruptcy Court granted the motion to dismiss. *Id.* at ¶ 14.

The complaint alleges that, in all of the Chapter 13 cases, the Trustee filed, and caused to be served on the defendants, a Chapter 13 Standing Trustee's Final Report and Account, which detailed all the funds received and disbursed during the pendency of each case. (Compl., at ¶ 15.) The complaint alleges that only in the sixth case did defendants express any concern about the disposition of funds by the Trustee. *Id.* Moreover, the complaint alleges that the Trustee, on July 1, 2014, sent copies of the Chapter 13 Standing Trustee's

4

Final Report and Account to the defendants for each of their bankruptcy proceedings, as well as "copies of each and every disbursement check made to every creditor" made during those proceedings. *Id.* at ¶ 16.

Shopneck alleges that in June 2014, the defendants contacted the Department of Justice's Executive Office of the United States Trustee, and accused him of misappropriating funds in their various Chapter 13 proceedings. (Compl., at ¶ 17.) In August 2014, the defendants filed a complaint with Federal Bureau of Investigation, accusing the Trustee of malfeasance. *Id.* at ¶ 18. In January 2015, the defendants filed a police report with the Cleveland Police Department, accusing the Trustee of malfeasance, theft, and larceny. *Id.* at ¶ 19. Also in January 2015, the defendants allegedly sent a letter to the "Auditor of State," accusing Shopneck of malfeasance, and calling him a thief. This letter was forwarded to the Disciplinary Counsel of the Supreme Court of Ohio. *Id.* at ¶ 20.

The complaint alleges that the defendants have raised their grievances with the U.S. Bankruptcy Court, the U.S. Trustee, the F.B.I., the Cleveland Police Department, and the state Disciplinary Counsel. "Each time the entity has either cleared the Plaintiff, or declined to take further action against the Plaintiff, or referred the matter to an entity that has already cleared the Plaintiff." (Compl., at ¶ 21.)

Shopneck alleges that the defendants' "baseless and unsubstantiated allegations [against him] have been made with a reckless disregard for the

5

truth," and have caused him "to devote valuable and limited resources to defend himself." (Compl., at ¶¶ 23-24.) Shopneck also alleges that the defendants' "baseless and unsubstantiated allegations" have impugned the reputation and standing of the Trustee in the community, which is especially damaging given the Trustee's role as a fiduciary in thousands of Chapter 13 proceedings. *Id.* at ¶ 25. Shopneck also alleges that these allegations have caused him "consternation, distress, and anguish." *Id.* at ¶ 26.

The complaint alleges that the defendants' "baseless and unsubstantiated allegations" have caused multiple investigative bodies to waste their own limited resources to investigate their allegations, "all of which have been found to be without merit." (Compl., at ¶ 27.)

The complaint contends that in each of their Chapter 13 proceedings, the defendants have had numerous opportunities to investigate the disposition of funds they paid to the Trustee. They allegedly received regular reports clearly showing all funds received and distributed, in addition to the Chapter 13 Standing Trustee's Final Report and Account at the conclusion of each case. "The Defendants' decision to now make baseless allegations against the Plaintiff must be seen as an effort to obfuscate their real problem, their failure to complete a Chapter 13 plan of reorganization." *Id.* at ¶ 28.

The complaint seeks a court order which would require the defendants to seek court permission before filing a complaint against Shopneck with any governmental regulatory or investigative body. (Compl., at ¶ 31.) The Trustee

6

points out that such an order would not prohibit the defendants from seeking redress for legitimate complaints, it would merely require them to demonstrate that any future complaint(s) would have a reasonable basis.  *Id.* at ¶ 32.

## II.  DEFENDANTS' PETITION

The defendants are proceeding pro se[1], thus the court holds their pleadings to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

The first basis set forth for their petition to dismiss is the lack of personal jurisdiction.  In support, the defendants cite *McRae v. White*, an appeal before the Georgia Court of Appeals.  (Doc. 22, at 1.)  *McRae* involved an interlocutory appeal of the trial court's denial of a motion to dismiss filed by the defendant McRae.  The court concluded that McRae had presented affirmative evidence that service was improper, and that the plaintiff had failed to rebut that

---

[1] Defendants assert: "We are in 'Propria Persona' NOT Pro Se."  (Doc. 24, at 1.)  In modern usage, the phrases "in propria persona" and "pro se" are synonymous.  *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 n.1 (9th Cir. 2007), *cert. denied,* 552 U.S. 1281 (2008); *Rudd v. Keybank, N.A.*, No. C2-05-CV-0523, 2006 WL 212096, at *1 n.2 (S.D. Ohio Jan. 25, 2006).

7

evidence, thus the court of appeals reversed the trial court's denial. *McRae v. White*, 604 S.E.2d 291, 292 (Ga. Ct. App. 2004). There is no indication that the defendants here were not properly served.[2]

In addition, the plaintiff points out that defendants' Rule 12 motion is untimely, because defendants filed an answer in April, which did not raise any of the defenses listed in Rule 12(b). (Doc. 26, at 1.) The rules provide that a motion asserting a Rule 12(b)(2) defense must be made before a responsive pleading is filed. Fed. R. Civ. P. 12(b), (h)(1).

The second basis underlying the petition to dismiss is: "Failure to Produce Public Hazard and Malpractice Bond. Oath of Office in Written Form. Delegation of Authority in Written Form." (Doc. 22, at 1.) It is unclear exactly what the defendants are asserting, but none of these items are required to file a lawsuit in federal court, and plaintiff's purported failure to produce any of them with his complaint would not serve as a basis to dismiss his complaint.

In their "Affidavit of Fact/ Writ of Error," the defendants assert that "All public officials are required by Federal & Municipal Law to provide the name, address, and telephone number of their Public Hazard & Malpractice Bonding Company. It's not an option!" (Doc. 24, at 3.) Defendants do not provide any

---

[2] The court's docket indicates that the summons and complaint were served on the defendants via certified mail sent on March 25, 2015. The defendants filed an answer on April 17, 2015. (Doc. 3.)

authority for this assertion, but in any event this is not required to file suit in federal court.

The third ground is "Failure to state a claim on which relief can be granted. FRCP 12(b)." A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997).

The Supreme Court stated that "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 563 n.8 (2007). The function of the court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the court is simply to determine "whether a complaint states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The defendants point out what they perceive to be an inconsistency in the plaintiff's complaint (as to whether the complaint requests them to be treated as vexatious litigators), doc. 22, at 1, ¶4; however, regardless of this, the court

finds the relief requested by the complaint overall to be clear. The complaint seeks the following relief, that:

> . . . this Court issue an order preventing Defendants from bringing any complaint, charge, or any kind of accusation against the Plaintiff before any governmental body or agency at any level without the express written permission of this Court, with the Plaintiff being enabled to use said order to terminate, suspend, or conclude any investigation initiated against him by the Defendant before any government agency at any level without this Court's express written authorization.

(Doc. 1, at 12.)

As set forth above, in addressing a motion to dismiss for failure to state a claim, the court does not, at this point, weigh the evidence, or determine whether the plaintiff will be able to prove his allegations. The court simply determines "whether [or not] a complaint states a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Reviewing the allegations of the complaint, the court finds that it does state a plausible claim for relief, and the petition to dismiss (doc. 22) should be denied.

### III. DEFENDANTS' "WRIT OF ERROR[3]"

Shortly after filing their "Petition to Dismiss," the defendants also filed a document which is entitled "Affidavit of Fact/ Writ of Error." (Doc. 24.) In it, they assert:

---

[3] A "writ of error" is "a writ issued by an appellate court directing a lower court to deliver the record in the case for review." Black's Law Dictionary (10th ed. 2014). The defendants misuse the term.

10

> An AFFIDAVIT OF FACT cannot be lawfully denied, And must be visited and either answered or rebutted, otherwise it stands as Truth, or, if it requires an answer by the court, it creates an injunction, And the court cannot lawfully move forward until answered. If NOT ANSWERED THE MATTER MUST BE DISMISSED DUE TO LACK OF DUE PROCESS.

(Doc. 24, at 2.) The rather far-reaching propositions put forth by defendants are not supported by any legal authority, and reflect a misunderstanding of legal principles.

An "affidavit" is defined as a "statement or declaration reduced to writing and sworn to or affirmed before some officer who has authority to administer an oath or affirmation." *In re Central Stamping & Mfg. Co.*, 77 F.Supp. 331, 332 (E.D. Mich. 1948). In other words, an affidavit is a "statement of fact, which is sworn to as the truth." *Central Stamping*, 77 F.Supp. at 332 (quoting *June v. School Dist. No. 11*, 278 N.W. 676, 677 (Mich. 1938).)

Thus, an affidavit is generally taken under consideration by the court for the specific factual declarations, within the affiant's personal knowledge, that it contains, not for any legal conclusions of law which may be asserted. *See, e.g.*, *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir.1999) (per curiam) *see also Dominguez v. Yahoo, Inc.*, No. 14-1751, 2015 WL 6405811, at *3 (3d Cir. Oct. 23, 2015) (legal conclusion couched as factual assertion); *Barrett Computer Serv., Inc. v. PDA, Inc.*, 884 F.2d 214, 217 (5th Cir. 1989); *Green v. Harry*, No. 1:09CV130, 2009 WL 2370718, at *2 (W.D. Mich. July 30, 2009); *In re McWeeney*, 255 B.R. 3, 7 n.3 (Bankr. S.D. Ohio 2000). In other words, the case

filed by plaintiff cannot be "dismissed" simply because the defendants have filed an affidavit asserting certain facts (which are unsupported by any other evidence before the court) and legal conclusions.

The defendants also, apparently, challenge the jurisdiction of the court. (Doc. 24, at 2-3.) When the complaint was filed, the case was randomly assigned to a U.S. District Judge, the Hon. Christopher Boyko. Judge Boyko referred the case to a U.S. Magistrate Judge (the undersigned) for pretrial supervision. (Doc. 4.)

By Judge Boyko's Order, the Magistrate Judge is authorized, among other things, to "enter and enforce pretrial orders including, but not limited to, orders pertaining to discovery matters." (Doc. 4, at 1.) The Magistrate Judge is not empowered to rule on dispositive motions (motions to dismiss, for example, or motions for summary judgment) per se, but rather prepares a Report and Recommendation for the District Judge's consideration concerning such motions. (Doc. 4, at 1.) Judge Boyko reserved the right to rule directly on any matter in this case, and any trial would be conducted by him. (Doc. 4, at 1-2.)

The reference to a U.S. Magistrate Judge for pretrial supervision is in accordance with 28 U.S. Code § 636 (b)(1) as well as Local Rules 72.1, 72.2, and 72.3. There is no question that the court has proper jurisdiction over the complaint filed by the plaintiff.

In addition, the defendants also imply that Shopneck needs to "prove who he is." (Doc. 24, at 3-4.) They accuse the court of "helping Trustee Craig H.

12

Shopneck to conceal his <u>true identity</u>." (Doc. 24, at 4, emphasis in original.) It is unclear on what basis the defendants believe that Shopneck is actually someone else. In any event, there is no evidence before the court which would tend to show that Shopneck is someone else.

## IV. RECOMMENDATION

It is recommended that the defendants' petition to dismiss (doc. 22) be denied. The rules provide that a motion asserting a Rule 12(b)(2) defense must be made before a responsive pleading is filed, and defendants failed to do so. See Fed. R. Civ. P. 12(b), (h)(1).

Reviewing the allegations of the complaint, the court finds that it does state a plausible claim for relief, and the petition to dismiss (doc. 22) on the basis of failure to state a claim upon which relief can be granted, should be denied.

Dated: Dec. 4, 2015         /s/ Kenneth S. McHargh
                            Kenneth S. McHargh
                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal

13

the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).