UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG H. SHOPNECK, Chap. 13 Trustee | ) | Case No. 1:15CV0577 |
| Plaintiff, | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO (Magistrate Judge McHargh) |
| MARK C. JEFFERSON, and GWONDRA JEFFERSON, | ) | |
| Defendants. | ) | REPORT AND RECOMMENDATION |

McHARGH, Mag. JUDGE

Currently before the court is plaintiff's motion for default judgment. (Doc. 30, 32.) The motion was filed on Dec. 15, 2015, and the defendants have not filed a response. The court recommends that default judgment be granted to the plaintiff Craig H. Shopneck, for the reasons detailed below.

## I. ALLEGATIONS OF THE COMPLAINT

The plaintiff Craig Shopneck ("Shopneck," or, "the Trustee") brings this action in his role as Standing Chapter 13 Trustee against defendants pro se

Mark C. Jefferson and Gwondra L. Jefferson ("the Jeffersons"). The complaint seeks the following relief, that:

> . . . this Court issue an order preventing Defendants from bringing any complaint, charge, or any kind of accusation against the Plaintiff before any governmental body or agency at any level without the express written permission of this Court, with the Plaintiff being enabled to use said order to terminate, suspend, or conclude any investigation initiated against him by the Defendant before any government agency at any level without this Court's express written authorization.

(Doc. 1, at 12.)

In support of this request for relief, the complaint recites the following allegations: Since 2007, the defendants had filed six bankruptcies under Chapter 13 of the Bankruptcy Code, and Shopneck was appointed Trustee in all of those cases. (Doc. 1, compl., at ¶ 4.) Several of those bankruptcies were discharged on the basis that defendants were failing to make regular payments to the Trustee as required by the relevant plan of reorganization. (Compl, at ¶¶ 6, 7, 8, 9.)

The defendants filed their sixth Chapter 13 bankruptcy (case no. 13-15030) on July 17, 2013, and on Feb. 6, 2014, the Trustee filed a motion to dismiss the bankruptcy on the grounds that defendants had failed to maintain regular payments to the Trustee, as required by their plan of reorganization. (Compl., at ¶¶ 10-11.) The complaint alleges that the defendants did not respond to the motion's allegations that they had failed to maintain payments, but rather accused Shopneck of malfeasance: misappropriating their money,

visiting their property before their first bankruptcy was even filed, and retaliating against them because of their dealings with certain creditors. *Id.* at ¶¶ 12-13. On Apr. 25, 2014, the Bankruptcy Court granted the motion to dismiss. *Id.* at ¶ 14.

The complaint alleges that, in all of the Chapter 13 cases, the Trustee filed, and caused to be served on the defendants, a Chapter 13 Standing Trustee's Final Report and Account, which detailed all the funds received and disbursed during the pendency of each case. (Compl., at ¶ 15.) The complaint alleges that only in the sixth case did defendants express any concern about the disposition of funds by the Trustee. *Id.* Moreover, the complaint alleges that the Trustee, on July 1, 2014, sent copies of the Chapter 13 Standing Trustee's Final Report and Account to the defendants for each of their bankruptcy proceedings, as well as "copies of each and every disbursement check made to every creditor" made during those proceedings. *Id.* at ¶ 16.

Shopneck alleges that in June 2014, the defendants contacted the Department of Justice's Executive Office of the United States Trustee, and accused him of misappropriating funds in their various Chapter 13 proceedings. (Compl., at ¶ 17.) In August 2014, the defendants filed a complaint with Federal Bureau of Investigation, accusing the Trustee of malfeasance. *Id.* at ¶ 18. In January 2015, the defendants filed a police report with the Cleveland Police Department, accusing the Trustee of malfeasance, theft, and larceny. *Id.*

at ¶ 19. Also in January 2015, the defendants allegedly sent a letter to the "Auditor of State," accusing Shopneck of malfeasance, and calling him a thief. This letter was forwarded to the Disciplinary Counsel of the Supreme Court of Ohio. *Id.* at ¶ 20.

The complaint alleges that the defendants have raised their grievances with the U.S. Bankruptcy Court, the U.S. Trustee, the F.B.I., the Cleveland Police Department, and the state Disciplinary Counsel. "Each time the entity has either cleared the Plaintiff, or declined to take further action against the Plaintiff, or referred the matter to an entity that has already cleared the Plaintiff." (Compl., at ¶ 21.)

Shopneck alleges that the defendants' "baseless and unsubstantiated allegations [against him] have been made with a reckless disregard for the truth," and have caused him "to devote valuable and limited resources to defend himself." (Compl., at ¶¶ 23-24.) Shopneck also alleges that the defendants' "baseless and unsubstantiated allegations" have impugned the reputation and standing of the Trustee in the community, which is especially damaging given the Trustee's role as a fiduciary in thousands of Chapter 13 proceedings. *Id.* at ¶ 25. Shopneck also alleges that these allegations have caused him "consternation, distress, and anguish." *Id.* at ¶ 26.

The complaint alleges that the defendants' "baseless and unsubstantiated allegations" have caused multiple investigative bodies to waste their own

limited resources to investigate their allegations, "all of which have been found to be without merit." (Compl., at ¶ 27.)

The complaint contends that in each of their Chapter 13 proceedings, the defendants have had numerous opportunities to investigate the disposition of funds they paid to the Trustee. They allegedly received regular reports clearly showing all funds received and distributed, in addition to the Chapter 13 Standing Trustee's Final Report and Account at the conclusion of each case. "The Defendants' decision to now make baseless allegations against the Plaintiff must be seen as an effort to obfuscate their real problem, their failure to complete a Chapter 13 plan of reorganization." *Id.* at ¶ 28.

The Trustee is essentially asking the court to treat the defendants as vexatious litigators. The complaint seeks a court order which would require the defendants to seek court permission before filing a complaint against Shopneck with any governmental regulatory or investigative body. (Compl., at ¶ 31.) The Trustee points out that such an order would not prohibit the defendants from seeking redress for legitimate complaints, it would merely require them to demonstrate that any future complaint(s) would have a reasonable basis. *Id.* at ¶ 32.

## II. FAILURE TO COMPLY WITH DISCOVERY ORDERS

The court held a case management conference on August 5, 2015, which set standard deadlines to ensure that the case would proceed in a timely and

orderly fashion. (Doc. 17.) The court set a discovery cut-off date of November 15, 2015, and a dispositive motion deadline of December 15, 2015. (Doc. 17, §§ 10, 14.)

In November, the court ruled on several motions, including plaintiff's amended motion to compel. The motion asserted that defendants had failed to provide the initial disclosures which were required to be exchanged by August 19, 2015, according to the case management order. (Doc. 20.) Shopneck stated that he sent his Rule 26(a) disclosures to the defendants in a timely manner, yet he had not received their disclosures.

As noted by the court in its ruling (doc. 23, at 8-9), initial disclosures are required by both parties pursuant to Rule 26(a)(1). Fed. R. Civ. P. 26(a)(1). The Rule requires disclosure of information and documents that the defendants may use to support their defenses.

The amended motion to compel was granted in part, and denied in part. (Doc. 23.) Defendants were advised that their Rule 26 disclosures were due on August 19, 2015, and were thus overdue. The court's November 3, 2015, Order required defendants to provide their initial disclosures to Shopneck "without delay." (Doc. 23, at 10.) The defendants failed to comply with this order, and in addition, failed to appear at deposition.

In the court's subsequent December 3, 2015, Order, the defendants were ordered to:

> (1) provide the required initial disclosures to the plaintiff pursuant to Rule 26(a)(1), within fourteen (14) days of the receipt of this Order; and,
>
> (2) appear at properly noticed deposition(s) pursuant to Civil Rule 30. If the parties are unable to schedule a mutually agreeable time for deposition between themselves, the court is available to provide assistance in scheduling.

(Doc. 27, at 5-6; *see also* doc. 23, at 10.) Plaintiff Shopneck moved to extend discovery until Dec. 31, 2015, to allow further time for the completion of discovery. The court granted this extension. (Doc. 27.)

In his current motion for default judgment, Shopneck reports that the defendants have still failed to provide their initial disclosures. (Doc. 30, ¶ 2; doc. 32, ¶ 2.) In addition, defendants have failed to appear (twice) for noticed depositions. (Doc. 30, ¶ 3; doc. 32, ¶ 1.) Shopneck attaches notices of deposition for the scheduled Nov. 12, 2015, and Dec. 14, 2015, depositions to his motion. Shopneck notified the defendants of the scheduled depositions by electronic mail, as well as U.S. Mail. *See* exhibits to doc. 32.

The defendants have not responded to the motion for default judgment, and have not otherwise disputed these assertions.

## III. SANCTIONS

This court is hesitant to sanction pro se parties. However, the defendants have been cautioned that Civil Rule 37 provides for sanctions for "failure to comply with a court order" to provide or permit discovery. (Doc. 27, at 4; citing

Fed. R. Civ. P. 37(b).) The defendants were warned that sanctions may include directing that certain facts be taken as established, rendering a default judgment against the disobedient party, or other specified actions. (Doc. 27, at 4; citing Fed. R. Civ. P. 37(b)(2).)

The court may grant default judgment against a party who fails to provide or permit discovery, Fed. R. Civ. P. 37(b)(2)(A)(vi), or a party who refuses to attend the party's own deposition after being served with proper notice, Fed. R. Civ. P. 37(d)(1)(A)(i) and (d)(3). *Vance v. Secretary, U.S. Dep't of Veterans Affairs*, 289 F.R.D. 254, 256 (S.D. Ohio 2013).

The court considers four factors in determining whether to invoke discovery sanctions under Rule 37:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-367 (6th Cir.), *cert. denied*, 522 U.S. 868 (1997); *see also Moses v. Sterling Commerce (Am.), Inc.,* No. 03-4172, 2005 WL 11684 (6th Cir. Jan. 3, 2005) (citing *Harmon*); *Vance*, 289 F.R.D. at 256.

The first factor is met. Here, the defendants have demonstrated a pattern of failure to cooperate in the discovery process, and have not provided plaintiff with even preliminary discovery, the Rule 26 initial disclosures. *See*

*Vance*, 289 F.R.D. at 257. They have failed to provide any reason or justification for their failure to appear at deposition. *See Wolters Fluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 118 (2d Cir. 2009), *cert. denied,* 558 U.S. 1037 (2009) (failure to appear at deposition directly contravened court's order); *Moses*, 2005 WL 11684 (refusal to be deposed, & consistent failure to comply with court orders support conclusion that conduct willful & in bad faith); *Vance*, 289 F.R.D. at 257; *Panaderia La Diana, Inc. v. Salt Lake City Corp*., 342 F.Supp.2d 1013, 1030 (D. Utah 2004), *aff'd*, 455 F.3d 1155 (10th Cir. 2006); *In re Sumitomo Copper Litig*., 204 F.R.D. 58, 60 (S.D. N.Y. 2001) (disregard for court order justifies default judgment). They have failed to respond to the motion for default judgment.

The second factor is met as well. The defendant's failure to cooperate in discovery has the effect of leaving the allegations of plaintiff's complaint uncontested, by failing to address his allegations of misuse of the judicial process. The discovery process has been unnecessarily extended, the plaintiff has had to repeatedly seek defendants' cooperation in discovery (without result), and plaintiff's allegations have gone unaddressed, all to the prejudice of plaintiff.

The third factor: The defendants, although pro se, have been repeatedly advised, cautioned, and warned by the court, both in person and through the Court's Orders, of the importance of complying with the Federal Rules of Civil

Procedure, as well as the Orders of this court. The defendants were specifically warned that their failure to cooperate in discovery could lead to sanctions, including default judgment. (Doc. 27, at 4.)

As to the fourth factor, the conduct of the defendants throughout this litigation has evidenced a disinclination to submit to the court's lawful orders. *See, e.g.*, doc. 24, at 5 (". . . you know that your Court is Violating the Law . . . There is NO need to send anymore 'abandoned paperwork.' Natural Person's don't adhere to 'Paper Terrorism.'") The court finds that there are no lesser sanctions to impose on defendants for their complete failure to cooperate in discovery than to award default judgment. *See Vance*, 289 F.R.D. at 257; *Sumitomo Copper*, 204 F.R.D. at 60 (little useful purpose served by requiring opponent to go through expense and delay of yet another warning and chance to comply).

Therefore, the court finds that Shopneck's motion for default judgment (doc. 30, 32) is well-founded and supported by the facts outlined above, and the undersigned recommends granting the motion for default judgment, in accordance with Civil Rule 37(b)(2)(A)(vi), and 37(d)(1)(A)(i) and (d)(3). *See, e.g., Wolters*, 564 F.3d at 118; *Moses*, 2005 WL 11684; *Wittman v. Wilson*, No. 03-1719, 2004 WL 193172 (6th Cir. Jan. 30, 2004); *Vance*, 289 F.R.D. at 256-258.

RECOMMENDATION

The motion for default judgment (doc. 30) should be GRANTED.

Dated: Feb. 10, 2016

/s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).